

**FILED**

**September 18, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:00 PM**



## COURT OF WORKERS' COMPENSATION CLAIMS
## BUREAU OF WORKERS' COMPENSATION

| | |
|---|---|
| **ROBERT L. WALLACE,** <br> Employee, | Docket No.: 2015-03-0074 |
| v. | State File No.: 19731-2015 |
| **MARK CONARD d/b/a MARCON BUILDERS** <br> Employer, | Date of Injury: January 15, 2015 |
| And | Judge Lisa A. Knott |
| **ERIE INSURANCE EXCHANGE,** <br> Insurance Carrier. | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed on June 19, 2015, by Robert L. Wallace pursuant to Tennessee Code Annotated section 50-6-239 (2014). The Court convened an in-person evidentiary hearing on July 22, 2015. Upon review of Mr. Wallace's Request for Expedited Hearing, the evidence presented at the hearing, the arguments of counsel, and in consideration of the applicable law, the Court finds that Mr. Wallace is entitled to medical benefits.

### Issues

The parties marked numerous issues on the Dispute Certification Notice (DCN) issued in this claim. Even if marked on the DCN, the Court did not decide an issue unless the parties presented it for determination at the Expedited Hearing. The parties presented the following issues for determination:

*Whether Mr. Wallace was exempt from the Workers' Compensation Law, pursuant to Tennessee Code Annotated section 50-6-903, when he did not personally apply for the exemption.*

*Whether Mr. Wallace was a Marcon employee or an independent contractor.*

1

*Whether Marcon must provide Mr. Wallace medical benefits for his injury.*

*Whether Marcon must pay Mr. Wallace temporary disability benefits.*

**Evidence Submitted**

The Court admitted into evidence the exhibits below:

- EXHIBIT 1: Affidavit of Robert Wallace
- EXHIBIT 2: Mileage Request
- EXHIBIT 3: Affidavit of Mark R. Conard
- EXHIBIT 4: Affidavit of Chris Cheatham
- EXHIBIT 5: Medical Records of Tennova North Medical Center
- EXHIBIT 6: Medical Records of Mountain Home VAMC
- EXHIBIT 7: Wage Statement
- EXHIBIT 8: Cory L. Cheatham's Workers' Compensation Exemption Registration Filing (WCERF)
- EXHIBIT 9: Christopher W. Cheatham's WCERF
- EXHIBIT 10: James A. Conard's WCERF
- EXHIBIT 11: Randall L. Cheatham's WCERF
- EXHIBIT 12: Robert L. Wallace's WCERF[1]
- EXHIBIT 13: Marcon Builders' 2014 Form 1099
- EXHIBIT 14: Marcon Builders' Payroll Information for Robert L. Wallace
- LATE FILED EXHIBIT 15: Updated Medical Records of Mountain Home VAMC
- LATE FILED EXHIBIT 16: August 4, 2015 Letter from Dr. Robert Alworth, marked for identification purposes only.

The Court designated the following as the Technical Record:

- Petition for Benefit Determination, filed March 13, 2015
- DCN, filed April 23, 2015
- Request for Expedited Hearing, filed June 19, 2015
- Response to Request for Expedited Hearing, filed June 26, 2015
- Marcon's Pre-Hearing Statement and Brief, filed July 8, 2015
- Mr. Wallace's Pre-Hearing Statement and Brief, filed July 9, 2015
- Marcon's Objection to Late Filed Exhibits 15 and 16, filed August 13, 2015
- Mr. Wallace's Response to Marcon's Objection, filed August 14, 2015.

---

[1] Exhibit 12 contains two pages: First page-exemption filing; second page-hand written information on form requesting information prepared by Mrs. Conard.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings and any attachments to them as allegations unless established by the evidence.

The following witnesses provided in-person testimony:

- Mr. Robert Wallace
- Mr. Mark Conard
- Mrs. Syndi Conard.

### History of Claim

Mr. Wallace is a fifty-one year-old resident of Knox County, Tennessee who briefly worked for Mark Conard in 2007 and 2008. In the summer of 2014, Mark Conard d/b/a Marcon Builders (Marcon) referred a siding subcontract to Mr. Wallace, who provided his own equipment, performed the work, and supervised and paid his own help. In October 2014, Mr. Conard hired him to perform carpentry/construction work on new home construction and home renovations. The parties agree Mr. Conard paid Mr. Wallace weekly initially at $12.00 per hour, later increasing to $13.00 per hour. Mr. Conard contends Mr. Wallace's pay was a percentage of the contract that was broken down to an hourly rate.

In approximately November 2014, Mr. Conard passed out a one-page form to the crew members and asked them to complete the information contained on the form. (Ex. 12.) The form had blanks for the following information: first, middle, and last name; social security number; date of birth; address; county; business name; telephone number; and email address. The parties dispute what was discussed regarding the completion of the form. Mr. Wallace completed the form and returned it to Mr. Conard. On December 31, 2014, Mrs. Conard completed online applications for the workers' compensation exemption registry for various Marcon employees, including Mr. Wallace.

On January 15, 2015, while working on the Houser Road project for Marcon, Mr. Wallace fell approximately ten feet from a ladder and sustained an injury to his left ankle. Mr. Conard was present on the jobsite and followed Mr. Wallace to the emergency room of Tennova Physicians Regional Medical Center. Mr. Wallace received a diagnosis of a comminuted calcaneal fracture with vertical and horizontal components. (Ex. 5) He received additional treatment at Mountain Home VA Hospital. (Ex. 6.) Mountain Home VA Hospital continues to provide treatment for Mr. Wallace's ankle.

On March 13, 2015, Mr. Wallace submitted a Petition for Benefit Determination seeking temporary disability and medical benefits. The Expedited Hearing was

conducted on July 22, 2015. During the hearing, Mr. Wallace's attorney stated he wanted to introduce updated VA records as Late-filed Exhibit 15 subject to the objection of Marcon's attorney. On August 10, 2015, Mr. Wallace submitted Late-filed Exhibit 15, electronically signed VA records and Late-filed Exhibit 16, an unsigned letter from Dr. Robert A. Alworth stating that Mr. Wallace has been unable to work since the date of injury. On August 13, 2015, Marcon filed an Objection to the Late Filed Medical Records, and on August 14, 2015, Mr. Wallace filed a Response to the Objection.

Marcon argues the medical records constitute hearsay evidence and are not admissible under Tennessee Rules of Evidence 801 *et seq*. Further, the records were not certified or signed. Finally, there has been no showing of extraordinary circumstances or good cause as to why the records should be admitted, since Mr. Wallace could have obtained the records prior to the Expedited Hearing.

Mr. Wallace argues that the VA Medical Center will not fax or email patient records. Mr. Wallace is only able to obtain copies of his records in person. Due to the policies of the VA Medical Center and the distance from Mr. Wallace's home, he was unable to obtain copies of the updated records until his most recent visit on August 10, 2015. Although Dr. Alworth's letter is not signed electronically or otherwise, Mr. Wallace argues that the VA seal is on the letter and it is dated by the physician. Therefore, it should be considered.

The Court finds that the updated VA medical records contained in Late-filed Exhibit 15 are electronically signed. Therefore, they are admitted into evidence. *See* Tennessee Comprehensive Rules & Regulations 0800-02-21-.14(3) (2015). However, since the Late-filed Exhibit 16 letter from Dr. Alworth is not signed, electronically or otherwise, it is not admitted into evidence and is marked for identification purposes only.

**Mr. Wallace's Contentions**

Mr. Wallace worked for Mr. Conard sporadically in the past. In the fall of 2014, Mr. Conard asked Mr. Wallace whether he would like to join a framing crew he was forming for a contract Marcon Builders had with Hickory Construction (Hickory). Mr. Wallace agreed, and began working for Marcon at that time. Mr. Wallace contends Marcon told him and his co-workers which days and hours to work. Mr. Wallace had no control of his own schedule and could not come and go as he pleased. He did not have authority to hire additional workers while on the job for Marcon. Mr. Wallace used Marcon's saws and equipment, and only brought his tool belt to the site, which contained hammers and small tools. Marcon paid Mr. Wallace hourly. Therefore, Mr. Wallace was an employee of Marcon. As such, he is entitled to workers' compensation benefits for his January 15, 2015 work injury.

Mr. Wallace contends that Mr. Conard told him to fill out the information

4

contained on the form on page 2 of Exhibit 12, and it was his understanding that if he did not fill out the form, he would not be able to continue working on the Houser Road project. Mr. Wallace stated Mr. Conard told the workers to make up a business name, and it was his understanding that Mr. Conard's workers' compensation insurance would cover the named businesses. There was no signature line on the form and nothing on the form that indicated it involved a waiver or exemption of workers' compensation coverage. Mrs. Conard used the forms to apply for business licenses for each employee, completed the exemption application for each employee through the state's website, and paid the filing fee for each employee's exemption application. Mrs. Conard completed an attestation on the online form that confirmed that "the applicant meets the eligibility requirements" and that "a false statement on such application is subject to the penalties of perjury[.]"

Mr. Wallace argues that Mrs. Conard violated the exemption registry statute, and Mr. Wallace was placed on the exemption registry under false pretenses without his knowledge or approval. Therefore, Mr. Wallace's exemption status is not valid. Erie Insurance, Marcon's workers' compensation carrier, is thus responsible for providing Mr. Wallace with workers' compensation benefits.

Mr. Wallace was initially on crutches following the injury and later utilized a cane. He testified that he has been unable to work since the injury. Therefore, he requests that the Court award temporary total disability benefits.

**Marcon's Contentions**

In November 2014, two of Marcon's crew members, Corey and Kyle Cheatham, asked Mr. Conard how to apply for an exemption. Mr. Wallace also asked about an exemption, and Mr. Conard told him the exemption would be public recognition that he was a self-employed contractor and would be responsible for getting his own workers' compensation insurance. Mr. Conard mentioned it might help Mr. Wallace in obtaining future work because the Hickory job would not last that long. The Conards and Mr. Wallace discussed the exemption on more than one occasion at both the job site and the Conards' home. Mr. Wallace told them that he was not concerned about insurance because he had coverage through the VA.

Mr. Conard denies that any of the crew members were forced or coerced into filling out the forms, and he stated he would not have terminated someone for failure to complete the form. The various crew members completed the form contained on page 2 of Exhibit 12. Mrs. Conard completed the applications online and paid the application fees on December 31, 2014. The plan was to deduct the application fees from the various crew members' paychecks. Mrs. Conard stated that she did not complete the exemption registry forms on behalf of Marcon as a business. Rather, she completed them as a favor to the crew members because they were her family and friends and they asked her to do

5

so.

Marcon relies upon the affidavit of Chris Cheatham (Ex. 4) in support of its position. Mr. Cheatham's affidavit contained the following pertinent statements:

- I rode to work with Mr. Wallace almost every day during that time [the Houser project]. He spoke of having a drywall job and some other work hauling debris.
- During that work, there was discussion about exemptions with Mr. Wallace participating.
- Someone (on the Houser Road project) asked about how to obtain an exemption. We were told that to do so would be representing that we had our own business and we would not be covered under Marcon's workers' compensation insurance. Mr. Wallace was present during these discussions.
- Mr. Conard brought forms to be completed that would provide the information to apply for the exemptions. I filled one out at the same time Mr. Wallace did . . . I do not recall him asking many questions.
- I was given the attached form by Mr. Conard who also gave one to Mr. Wallace in my presence. We were told that the forms would have to be completed in order to provide the information necessary for filing the exemption.
- I was never told nor did I ever hear Mr. Wallace be told that we could not stay on the job site without completing the forms and obtaining an exemption. I was not told nor did I ever hear Mr. Conard tell Mr. Wallace that the company name on the form would be covered under Marcon's workers' compensation insurance.
- I, in the presence of Mr. Wallace, was told that if I applied for an obtained an exemption, I would be responsible for my own workers' compensation and liability insurance.

Marcon argues that Mr. Wallace was aware that he would be giving up any right to workers' compensation coverage if an exemption was filed on his behalf, and he specifically asked Mrs. Conard to help him file for the exemption registry. Mr. Wallace was duly registered on the workers' compensation exemption registry prior to his injury. Therefore, he is not entitled to workers' compensation benefits.

### Findings of Fact and Conclusions of Law

*Standard Applied*

The Court shall not construe the Workers' Compensation Law remedially or

liberally in favor of either party, but shall construe the law fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor the employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

*Factual Findings*

Mr. Wallace sustained an injury to his left ankle on January 15, 2015, when he fell approximately ten feet from a ladder while working for Marcon. Marcon controlled the conduct of the work being performed on the Houser Road project. Marcon could have terminated Mr. Wallace at any time. Marcon paid Mr. Wallace by the hour on a weekly basis. Mr. Wallace could not bring helpers to the job unless Mr. Conard authorized them in advance. Mr. Wallace brought his own tool belt and small tools to the job but otherwise used Marcon's equipment. Mr. Conard told the crew members what time to arrive at the job site and when they could go home. Mrs. Conard prepared the form on page 2 of Exhibit 12. Mr. Wallace filled in the blanks on that form. Mrs. Conard used the information on that form to complete Mr. Wallace's online application for the exemption registry. Marcon had actual notice of Mr. Wallace's injury. Mr. Wallace sought treatment at the emergency room of Tennova Physicians Regional Medical Center and later at Mountain Home VA Medical Center. Mr. Wallace received a diagnosis of a comminuted calcaneal fracture with vertical and horizontal components.

*Application of Law to Facts*

**Mr. Wallace is not exempt from the Workers' Compensation Law pursuant to Tennessee Code Annotated section 50-6-903.**

Tennessee Code Annotated section 50-6-102(E)(i) (2014) states that an "employee" does not include a construction services provider if the construction services provider is listed on the exemption registry. Mr. Wallace is listed on the exemption registry, and thus would not be considered an employee if he willingly and knowingly applied to be placed on the exemption registry.

Tennessee Code Annotated section 50-6-903 (2012) contains the following:

(a) Any construction services provider who meets one of the following criteria may apply for an exemption from section 50-6-902(a):
(1) An officer of a corporation who is engaged in the construction

7

industry, provided, that no more than five (5) officers of one (1) corporation shall be eligible for an exemption;

(2) A member of a limited liability company who is engaged in the construction industry if such member owns at least twenty percent (20%) of such company;

(3) A partner in a limited partnership, limited liability partnership, or a general partnership who is engaged in the construction industry if such partner owns at least twenty percent (20%) of such partnership;

(4) A sole proprietor engaged in the construction industry; or

(5) An owner of any business entity listed in subdivisions (a)(1)-(3) that is family owned; provided, that no more than five (5) owners of one (1) family-owned business may be exempt from section 50-6-902(a).

Mr. Wallace's attorney referenced and questioned Mrs. Conard about the two attestations and the signature boxes on the online exemption registry form. The following information about those boxes is contained on the Secretary of State's website under information about the workers' compensation exemption registry:

**APPLICANT INFORMATION**
• The applicant should be the officer, member, partner, or sole proprietor who is engaged in the construction industry and is seeking exemption from carrying workers' compensation insurance on him or herself. The applicant must meet the requirements set forth in T.C.A. § 50-6-901 et seq. to be eligible for exemption.

**ATTESTATION**
• Check the box to attest that you meet all the requirements for the workers' compensation exemption under T.C.A. § 50-6-901 et seq. and that you understand that any false statement made on the application is subject to the penalties of perjury set out in T.C.A. § 39-16-702. **Failure to check this box will result in the application being rejected.**

• Check the box to attest that you understand that you waive your right to sue under workers' compensation law if you are injured on a job and have utilized the workers' compensation exemption. **Failure to check this box will result in the application being rejected.**

• *This application must be signed and dated by the applicant seeking workers' compensation exemption.* **Failure to sign and date the application will result in the application being rejected.**

TENNESSEE SECRETARY OF STATE, https://tnbear.tn.gov/WC/ (last visited Sept. 18, 2015) (emphasis added).

At the time that Mrs. Conard filed the application for the exemption registry on behalf of Mr. Wallace, he was not: an officer of a corporation; a member of a limited liability company; a partner in a limited partnership, limited liability partnership or general partnership; a sole proprietor; or an owner of a family business. Therefore, he did not meet the criteria for application for an exemption. Mrs. Conard falsely checked the attestation on the online exemption form stating that Mr. Wallace met all of the requirements for the workers' compensation registry.

8

The exemption form requires the person applying for the exemption to attest that he or she understands that they are waiving their right to sue under workers' compensation law if injured on the job. Mrs. Conard did not provide any information on the form the crew members were asked to complete that advised they would be waiving any rights under workers' compensation law.

Finally, the information contained on the Secretary of State's website states the application must be signed and dated *by the applicant seeking workers' compensation exemption*. Mrs. Conard testified that she checked both of the attestation boxes of the online exemption form and that she electronically signed and dated the exemption form on behalf of Mr. Wallace. As a result, the Court finds that Mr. Wallace is not exempt from the statute, and Marcon cannot rely on the exemption as a defense to Mr. Wallace's claim.

### Mr. Wallace was an employee of Marcon at the time of his injury.

Now that the Court has found that Mrs. Conard inappropriately applied for the exemption registry on Mr. Wallace's behalf, the issue of whether Mr. Conard was an employee or an independent contractor must be addressed. Tennessee law provides the following concerning the determination of whether an individual is an employee or an independent contractor:

> In a work relationship, in order to determine whether an individual is an "employee," or whether an individual is a "subcontractor" or an "independent contractor," the following factors shall be considered:
> (i)     The right to control the conduct of the work;
> (ii)    The right of termination;
> (iii)   The method of payment;
> (iv)    The freedom to select and hire helpers;
> (v)     The furnishing of tools and equipment;
> (vi)    Self-scheduling of working hours; and
> (vii)   The freedom to offer services to other entities[.]

Tenn. Code Ann. § 50-6-102(11)(D) (2014). Whether a claimant is an employee or an independent contractor depends upon the nature of the business of the alleged employer, the way the business is conducted, and the claimant's relationship to that business. *See Seals v. Zollo*, 327 S.W.2d 41, 44 (Tenn. 1959).[2] Where there is a contract of

---

[2] Reliance on precedent from the Tennessee Supreme Court is appropriate unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments. *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4

employment, either express or implied, the burden is on the employer to show the employee is an independent contractor, rather than an employee. *Butler v. Johnson*, 426 S.W.2d 515, 519 (Tenn. 1968).

While no single factor is determinative when deciding whether a worker is an employee or an independent contractor, the Supreme Court has "repeatedly emphasized the importance of the right to control the work when distinguishing employees and independent contractors, the relevant inquiry being whether the right existed, not whether it was exercised." *Galloway v. Memphis Drum Service*, 822 S.W.2d 584, 586 (Tenn. 1991); *Jewell v. Cobble Construction and Arcus Restoration*, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015).

Mr. Wallace testified that Marcon paid him by the hour on a weekly basis. He stated that Mr. Conard told him when to arrive at work and when he could leave. He noted that Mr. Conard and his supervisor, Randall Cheatham, directed the daily work to be performed. Mr. Wallace said he brought his tool bag to the job site but no other equipment. Randall Cheatham brought a trailer with equipment such as nail guns, routers, and saws to the job site. Mr. Wallace stated he could not bring any helpers with him.

Mr. Conard testified that Marcon paid Mr. Wallace by the hour on a weekly basis. He stated that Mr. Wallace could not bring any helpers to the job unless Mr. Conard authorized them in advance. He noted that Mr. Wallace had his own tool belt and acknowledged there was other equipment at the site. Mr. Conard agreed that he told the crew members when to arrive on the job and when they could go home. He stated that Hickory would tell Marcon what work to do and he would tell "his guys" what to do.

Based on the foregoing testimony, the Court finds that Marcon has failed to meet its burden of establishing that Mr. Wallace was an independent contractor rather than employee. The Court further finds that Mr. Wallace is likely to prevail at a hearing on the merits that he was an employee of Marcon at the time of his injury, and he was injured in the course and scope of his employment.

### *Mr. Wallace is not entitled to temporary disability benefits at this time.*

At the conclusion of the hearing, Mr. Wallace requested the Court award medical and temporary disability benefits. An employee is entitled to receive temporary total disability benefits pursuant to Tennessee Code Annotated section 50-6-207(1) (2014) whenever the employee has suffered a compensable, work-related injury that has rendered the employee unable to work. *See Simpson v. Satterfield*, 564 S.W.2d 953 (Tenn. 1978). In order to establish a *prima facie* case for temporary total disability benefits, the worker must show (1) that he or she was totally disabled and unable to work due to a compensable injury, (2) that the work injury and inability to work are causally

connected, and (3) the duration of the disability. *Gray v. Cullom Machine, Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004); *Jewell*, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at \*21. Entitlement to temporary total disability benefits ends whenever an employee is able to return to work. *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 776 (Tenn. 2000).

Mr. Wallace has established that he suffered a workplace injury that likely disabled him from working for a period of time. However, since the letter from Dr. Alworth was marked for identification purposes only, there is no medical proof currently before the Court to establish the duration of any disability. Without that information, the Court is unable to order temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. The claim of Mr. Wallace against Mark Conard d/b/a Marcon Builders or its workers' compensation carrier for the requested medical benefits is granted. Medical care for Mr. Wallace's injuries shall be paid and Marcon or its workers' compensation carrier shall provide Mr. Wallace with medical treatment for these injuries as required by Tennessee Code Annotated section 50-6-204 (2014), to be initiated by Marcon or its workers' compensation carrier providing Mr. Wallace with a panel of physicians as required by that statute. All medical bills for treatment previously rendered for the January 15, 2015 injury shall be paid. Medical bills shall be furnished to Marcon or its workers' compensation carrier by Mr. Wallace or medical providers.

2. The Court denies Mr. Wallace's request for temporary disability benefits at this time.

3. This matter is set for Initial Hearing on October 27, 2015 at 1 p.m. EST.

**ENTERED this the 18th day of September, 2015.**

_____
**HON. LISA A. KNOTT**
**Workers' Compensation Judge**

11

Initial Hearing:

An Initial Hearing has been set with Judge Lisa A. Knott, Court of Workers' Compensation Claims. You must call 865-594-0109 or toll-free at 855-383-0003 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).


Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of

the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 18th day of September, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Richard T. Scrugham, Jr., Esq. | | | X | rscrugham@fmsllp.com |
| Herbert B. Williams Esq. | | | X | herb@stokeswilliams.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov